# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JANETTE M. FREEDMAN, on behalf of
T.U.J., S.J. and E.R.F, her minor children,
NEIL FREEDMAN, and LINDA TABAKA,

                Plaintiffs,

v.                                                     No. 1:19-cv-00231-RB-JHR

CHILDREN YOUTH AND FAMILIES DEPARTMENT,
DANIEL HOWIE, WESLEY JENSEN, ALBUQUERQUE
POLICE DEPARTMENT, UNIVERSITY OF NEW
MEXICO HOSPITAL, LOVELACE HOSPITAL,
BERNALILLO COUNTY SHERIFF'S DEPARTMENT,
CITY OF ALBUQUERQUE, COUNTY OF BERNALILLO,
METROPOLITAN DETENTION CENTER, FNU LNU,
FNU RUSSO, and FNU SILVERSTEIN,

                Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiffs' Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed March 18, 2019 (Doc. 1 (Compl.)), and on Plaintiff Janette M. Freedman's Application to Proceed in District Court Without Prepaying Fees or Costs, filed March 18, 2019 (Doc. 2). Plaintiff Janette M. Freedman is proceeding *pro se*.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter,

> if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs . . . ." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff Janette M. Freedman ("Plaintiff") signed an affidavit stating she is unable to pay the costs of these proceedings and declared under penalty of perjury that the following information is true: (i) her average monthly income amount during the past 12 months is $771.00; (ii) she is unemployed; (iii) her average monthly expenses total $350.00–$400.00; (iv) she has two daughters under the age of 18 who rely on her for support; and (v) she has $1.50 in cash and $1.50 in a checking account. The Court finds that Plaintiff is unable to pay the costs of this proceeding because of her low monthly income.

**Claims Brought on Behalf of Plaintiff's Children**

The Court dismisses the claims Plaintiff asserts on behalf of her children because Plaintiff is not an attorney admitted to practice in this Court. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.").

**Claims Against the Children, Youth and Families Department**

Plaintiff alleges:

> CYFD substantiated false sexual abuse claims against me & my family, and sent them to APD crimes against children and Det. Daniel Howie negligently investigated this crime and my children were injured due to CYFD & APD's negligence[,] . . . and Det. Howie never investigated what was reported to CYFD from me in June 2013 because CYFD wouldn't even investigate. They stated not enough information. My children were physically, sexually & emotionally abused due to CYFD's corruption and negligence.

(Compl. at 1–3.)

"With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181. Neither exception applies in this case. "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)). Second, Plaintiff does not allege in her complaint that the State of New Mexico waived its Eleventh Amendment immunity in this case. "It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits." *Hull v. N.M. Taxation & Revenue Dep't Motor Vehicle Division*, 179 F. App'x. 445, 446 (10th Cir. 2006).

**Metropolitan Detention Center ("MDC") Defendants**

Plaintiff asserts claims against MDC and MDC staff pursuant to 42 U.S.C. § 1983 and for negligence stating: "On or about May 29th 2015–June 22nd 2015 I was physically injured due to negligence by MDC medical staff and was denied my rights to any medical care." (Compl. at 4.) The Court dismisses those claims as barred by the statute of limitations. *See* N.M. Stat. Ann. § 37-

3

1-8 ("Actions must be brought . . . for an injury to the person . . . within three years"); *Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("for § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims").

**Defendants Albuquerque Police Department and Bernalillo County Sheriff's Department**

The Court dismisses the claims against the Albuquerque Police Department and the Bernalillo County Sheriff's Department because they are not separate suable entities. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 F. App'x. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity)).

**Defendants City of Albuquerque and County of Bernalillo**

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 against the City of Albuquerque and the County of Bernalillo because there are no allegations that policy or custom of either defendant was the moving force behind the alleged constitutional violations. *See McLain v. Sheriff of Mayes Cty.*, 595 F. App'x. 748, 753–54 (10th Cir. 2014) (citing *Myers v. Okla. Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation.")).

**Defendant APD Detective Howie**

The only allegations mentioning Defendant Howie state: (i) "Detective Daniel Howie

4

negligently investigated this crime;" and (ii) "Det. Howie never even investigated what was reported to CYFD from me in June 2013 because CYFD wouldn't even investigate." (Comp. at 1–2.)

The first allegation fails to state with particularity what Defendant Howie did to Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.").

The second allegation, in addition to being barred by the statute of limitations, fails to state a claim pursuant to 42 U.S.C. § 1983 because it does not allege a violation of a right arising from federal law. *See Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002) (under 42 U.S.C. § 1983, a plaintiff establish "a violation of rights protected by the federal Constitution or created by federal statute or regulation").

**Defendant Assistant District Attorney Jensen**

Plaintiff asserts claims of malicious prosecution, negligence and false imprisonment against former Assistant District Attorney Wesley Jensen. The Complaint fails to state a claim against Defendant Jensen because there are no factual allegations explaining what Defendant Jensen did to Plaintiff, when he did it, how his actions harmed Plaintiff or what specific legal right Plaintiff believes Defendant Jensen violated. *See Nasious*, 492 F.3d at 1163.

**Defendant University of New Mexico Hospital**

There are no allegations in the Complaint that mention Defendant University of New Mexico *Hospital*. One allegation states: "I contacted UNM Laura [illegible] caseworker for the Milagro program at UNM." (Compl. at 2.) That allegation fails to state a claim pursuant to 42 U.S.C. § 1983 because it does not allege a violation of a right arising from federal law. *See Summum*, 297 F.3d at 1000.

**Defendant Lovelace Hospital**

The Complaint fails to state a claim against Defendant Lovelace Hospital because there are no factual allegations explaining what Defendant Lovelace Hospital did to Plaintiff, when Lovelace Hospital did it, how Lovelace Hospital's actions harmed Plaintiff or what specific legal right Plaintiff believes Lovelace Hospital violated. *See Nasious*, 492 F.3d at 1163.

**Claims by Plaintiffs Neil Freedman and Linda Tabaka**

The Complaint names Neil Freedman and Linda Tabaka as Plaintiffs pro se. There are no factual allegations in the Complaint regarding Neil Freedman and Linda Tabaka; the only place in the Complaint where their names appear is in the caption of the Complaint. (*See* Compl. at 1.) Consequently, the Complaint does not contain a short and plain statement showing that Neil Freedman and Linda Tabaka are entitled to relief. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief").

**Dismissal of the Case**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."

28 U.S.C. § 1915(e)(2). The Court dismisses Plaintiff's civil rights claims pursuant to 42 U.S.C. § 1983 for failure to state a claim.

Having dismissed all claims arising under federal law and noting that there is not complete diversity between Plaintiff and Defendants, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims and dismisses this case without prejudice. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed March 18, 2019, is **GRANTED.**

(ii) This case is **DISMISSED without prejudice**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE